RUTH HAYES, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, entered in the office of the Clerk of Schenectady County on the 18th

day of January, 1950, and from an order denying defendant's motion for a new trial. Defendant appeals from a judgment in favor of plaintiff, beneficiary under a policy of industrial insurance, entered upon the verdict of a jury upon the trial of an action to recover upon the policy. The defendant issued an industrial insurance policy in the amount of $500 upon the life of Charles D. Hayes on January 28, 1948. Hayes, a man fifty years of age, died on February 19, 1948. The cause of death, disclosed upon autopsy, was pulmonary tuberculosis with arteriosclerosis as a contributory cause. The defendant contended the policy was void on the ground that the insured had visited a physician on January 2, 1948, and on January 9, 1948, under circumstances which permitted voidance of the policy under one of the policy provisions. The provision involved, insofar as material here, reads: "Policy When Void. * * * if within two years prior to the date of issue of this policy the Insured had received institutional, hospital, medical or surgical treatment or attention, and the Insured or any claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, this policy shall be voidable by the Company either before or after any claim, unless reference to each such rejection, treatment or attention is endorsed hereon by the Company or unless this policy is incontestable at the date of death of the Insured". There was no indorsement upon the policy relating to this provision except: "condition of Flu — 1946 * * * waived." Prior to the issuance of the policy the insured had been examined by a physician on behalf of the defendant. Being an industrial policy the application was not attached to the policy, nor was it received in evidence. Consequently, no question of misrepresentation or concealment is involved. The doctor whom the insured visited on January 2, 1948, and on January 9, 1948, after the application for the policy had been made, testified that the defendant was suffering from a "shortness of breath, wheezing, and with a chronic cough", but was unable positively to diagnose the cause of his condition, and gave him no treatment except a mild expectorant. The evidence is such that different inferences might be drawn therefrom, and the trial court properly submitted to the jury the question of whether the plaintiff, the widow and beneficiary, had established "that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk." The jury has found in favor of the plaintiff upon evidence which we deem sufficient to support the verdict. Judgment and order appealed from unanimously affirmed, with costs. Present — Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ.